UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEXTER GIVAN,

        Plaintiff,                  Case No. 1:22-cv-146

v.                                       Honorable Sally J. Berens

UNKNOWN PARTY,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought, presumably under 42 U.S.C. § 1983, by an inmate at the Kent County Correctional Facility. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 8.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service

of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that, "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated at the Kent County Correctional Facility. He is serving a sentence of 365 days following his guilty plea to one count of receiving and concealing stolen property-motor vehicle, in violation of Mich. Comp. Laws § 750.535(7). *See People v. Givan*, No. 20-08285 (Kent Cnty. Cir. Ct.) Register of Actions, available at https://www.accesskent.com/CNSearch/searchROA.action?caseID=1761057&criminal=truePlaintiff (last visited Aug. 5, 2022); https://www.accesskent.com/InmateLookup/showDetail.do?bookNo=2009490 (select

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

"Inmate Charges," last visited Aug. 5, 2022).[2] Plaintiff entered his plea on January 13, 2022, before he filed this action. He was sentenced on February 23, 2022, two weeks after he filed this action on February 9, 2022. Plaintiff's expected release date is December 25, 2022. *See* https://www.accesskent.com/InmateLookup/showDetail.do?bookNo=2009490 (select "Inmate Detail," last visited Aug. 5, 2022).

At the time Plaintiff received and concealed the stolen property, he was on parole from MDOC incarceration for a consecutive string of sentences following entry of guilty or *nolo contendere* pleas in several Saginaw County Circuit Court cases. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=308666 (last visited Aug. 5, 2022). It is the impact of the receiving-and-concealing prosecution on Plaintiff's parole that lies at the heart of his civil rights complaint.

---

[2] When assessing whether a complaint states a claim, the Court is generally limited to the allegations of the complaint. However, that general limitation is not entirely inflexible. The Sixth Circuit Court of Appeals has "taken a liberal view of what matters fall within the pleadings for purposes of [determining whether a complaint states a claim.]" *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Thus:

> If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Id*.

*Id*.; *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). This Court may take judicial notice of proceedings in other courts of record, including their docket sheets. *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020). And this Court takes judicial notice of the information provided by a search of the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS) website with regard to Plaintiff. *See, e.g.*, *United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004). For the same reason it is appropriate to take judicial notice of the information provided by a search of the OTIS website, the Court will also take judicial notice of the information provided by the Kent County Inmate Lookup.

Plaintiff raises two distinct challenges relating to the impact of his most recent criminal prosecution on his MDOC parole. First, Plaintiff claims that the MDOC "violated [his] due process rights by illegally waiving [his] rights to a procedure for revocation of parole [under] Mich. Comp. Laws § 791.240a." (Compl., ECF No. 1, PageID.2.) Second, Plaintiff claims that his parole officer and other MDOC staff members used "illegal measures" to keep a parole detainer on Plaintiff that precluded him from being released on bail while he was in pretrial detention for the receiving-and-concealing charge. (*Id.*)

Plaintiff is not entirely clear with regard to the relief he seeks. He states that he "deserve[s] a fair hearing not for it to be violated . . ." (Compl., ECF No. 1, PageID.3.) And he also asks the Court to discharge him and "to release the hold at once." (*Id.*)

## II.     Failure To State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Parole Detainer

At the time Plaintiff filed his suit, he was subject to a parole detainer. Under Michigan law, "[w]hen a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense . . . ." *People v. Seiders*, 686 N.W.2d 821, 823 (Mich. Ct. App. 2004). The Kent County Correctional Facility records suggest that is exactly what happened in Plaintiff's case. The docket reflects Plaintiff's sentence on March 23, 2022. The next day, the detainer was lifted. *See* https://www.accesskent.com/InmateLookup/showDetail.do?bookNo=2009490 (select "Inmate Detail," last visited Aug. 5, 2022).

Plaintiff fails to support his conclusory allegation that "illegal measures" were used to maintain a parole detainer. It appears the detainer was appropriately put in place under state law when he was arrested and appropriately lifted under state law when he was convicted and sentenced for the offense. Plaintiff offers no facts to support an inference that the detainer was

6

"illegal." Accordingly, he has failed to state a claim for violation of his constitutional rights with regard to the parole detainer.

Moreover, Plaintiff's only request for relief—to release the hold at once—is moot. It has already been lifted.

Finally, Plaintiff's request for discharge is unavailable under Section 1983 and any other request for relief would barred by the doctrine of *Heck v. Humphrey*, 512, U.S. 477, 486–87 (1994).

The relief Petitioner seeks—release from custody—is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020), (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to Section 1983. *See Preiser*, 411 U.S. at 484 (holding that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, Plaintiff's request for discharge is not properly before the Court.

Even if Plaintiff sought some other form of relief, his claim would be properly dismissed. In *Heck*, the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under Section 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that

7

the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646–48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

At first blush, it might not appear that the *Heck* doctrine would apply to bar Plaintiff's challenge to his parole detainer—the challenge is not to the underlying conviction. But the Sixth Circuit has explained that *Heck* bars a challenge to a parole detainer:

> When a prisoner is challenging parole procedures, he may bring a § 1983 action for damages. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1055–56 (D.C.Cir. 1998). However, Munofo's allegations of procedural defects are clearly an attempt to challenge the substantive result in the parole hearing. Thus, Munofo's § 1983 claim is not cognizable under *Heck* because "a judgment in favor of the plaintiff would necessarily imply the invalidity" of the parole detainer at issue here. *Heck*, 512 U.S. at 487. Munofo has not demonstrated that he has successfully challenged his detention through the appropriate remedies.

*Munofo v. Alexander*, 47 F. App'x 329, 330–31 (6th Cir. 2002). The court concluded that Munofo was required to succeed on a state court challenge to the detainer before he could pursue relief under Section 1983. Because Munofo had failed to do so, he could not proceed with a claim for relief under Section 1983.

For all of these reasons, Plaintiff has failed to state a claim for relief relating to the parole detainer.

### IV.  Parole Revocation

Plaintiff's challenge relating to parole revocation fares no better, in significant part because his parole has not been revoked. The MDOC reports that Plaintiff retains his status as a parolee, even though he is incarcerated at the Kent County Correctional Facility on a different charge.

Plaintiff is correct in claiming that parole cannot be revoked without due process protection. As the Supreme Court recognized in *Morrissey v. Brewer*, 408 U.S. 471 (1972):

> [T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others. It is hardly useful any longer to try to deal with this problem in terms of whether the parolee's liberty is a 'right' or a 'privilege.' By whatever name, the liberty is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal.

*Id.* at 482.

The *Morrissey* Court recognized that there were two distinct stages in the typical process of parole revocation: the initial arrest and detention, and the formal revocation of parole. *Id.* at 485. Here, however, Plaintiff was not arrested and detained for a parole violation, he was arrested and detained for committing a new criminal offense. Plaintiff, therefore, received even greater due process protection than might otherwise be required to protect Plaintiff's interests in his parole "liberty." Similarly, if Plaintiff's parole were to be revoked because he was convicted of a new felony, the process attendant to that conviction—process sufficient to protect the liberty of a free person—would necessarily be sufficient to protect Plaintiff's interests in his parole "liberty."

Where Plaintiff contests the proceedings related to a parole revocation and his parole has not been revoked, he fails to state a claim. Moreover, even if Plaintiff's parole had been revoked based on his conviction, the facts alleged by Plaintiff and revealed by the state court docket are not sufficient to state a claim that his due process rights have been compromised. Accordingly, his parole revocation due process claim is also properly dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 9, 2022                     /s/ Sally J. Berens
                                            SALLY J. BERENS
                                            U.S. Magistrate Judge